# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRENDAN DUNCKLEY,

    Petitioner,

vs.

ROBERT LEGRAND, et al.,

    Respondents.

Case No. 3:13-cv-00393-RCJ-VPC

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#9), respondents' motion to dismiss (#17), petitioner's opposition (#26),[1] and respondents' reply (#27). The court finds that petitioner has not exhausted all his grounds for relief in the state courts, and the court grants the motion in part.

Pursuant to a plea agreement, petitioner was convicted of one count of lewdness with a child under the age of fourteen years and one count of attempted sexual assault. Ex. 26 (#19). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 45 (#19).

Petitioner then pursued three different collateral attacks upon his judgment of conviction. On July 8, 2009, he filed in state district court a motion for modification of sentence. Ex. 51 (#20). The state district court denied the motion on February 10, 2010. Ex. 72 (#20). Petitioner appealed, and the Nevada Supreme Court affirmed the denial on September 9, 2010. Ex. 99 (#21).

---

[1] Petitioner titled this document as a motion to strike, but he is arguing against the merits of the motion to dismiss.

1  On July 21, 2009, petitioner filed a post-conviction habeas corpus petition in state district
2  court. Ex. 54 (#20). The state district court appointed counsel, who filed a supplemental petition.
3  Ex. 85 (#21).
4  On March 3, 2010, petitioner filed a motion for withdrawal of guilty plea. Ex. 79 (#21).
5  Petitioner handled this motion pro se through the state district court.
6  The state district court addressed both the habeas corpus petition and the plea-withdrawal
7  motion in one hearing, Ex. 127 (#23), but denied them in separate motions, Ex. 128 (#23), Ex. 129
8  (#23). Petitioner appealed both denials. Post-conviction counsel represented petitioner in both
9  appeals. In separate orders, the Nevada Supreme Court affirmed the denial of both the habeas
10 corpus petition and the plea-withdrawal motion. Ex. 168 (#23), Ex. 169 (#23).
11 Petitioner then commenced this action, and the motion to dismiss followed.
12 Respondents first argue that all grounds for relief except ground 1(c) are unexhausted.
13 Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must
14 exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a
15 petitioner must fairly present that ground to the state's highest court, describing the operative facts
16 and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan
17 v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).
18 In ground 1(c), petitioner argues that his trial attorney provided ineffective assistance
19 because the attorney did not intend on going to trial, did not investigate the case, and had no defense
20 strategy. Petition, at 12-13 (#9). Respondents acknowledge that petitioner presented the same
21 argument to the Nevada Supreme Court in the appeal from the denial of his post-conviction habeas
22 corpus petition. See Ex. 154, at 12-17 (#24).
23 Regarding the rest of ground 1 and ground 2, petitioner presents a two-part argument. First,
24 he argues that he raised all these claims in his proper-person state post-conviction habeas corpus
25 petition. Opposition, at 4-7 (#26). Second, he argues that even though his post-conviction attorney
26 raised what is now ground 1(c) in the habeas corpus appeal to the Nevada Supreme Court, he did
27 not abandon the remaining grounds or the evidence that he argues the state courts overlooked. Id. at
28 5 (#26). Petitioner essentially is arguing that the Nevada Supreme Court needed to read not just the

brief on appeal, but also the proper-person petition, the represented supplement, and all of the exhibits, to discern what petitioner's claims were. Petitioner is incorrect. The only claims that petitioner fairly presented to the Nevada Supreme Court were those claims that petitioner raised in his briefs on direct appeal and habeas corpus appeal. Petitioner did not fairly present to the Nevada Supreme Court any claim that that court would have needed to discern by reading the state habeas corpus petition filed in the district court or the record on appeal. Baldwin v. Reese, 541 U.S. 27, 30-32 (2004). Of grounds 1 and 2, petitioner presented only what has become ground 1(c) to the Nevada Supreme Court, and the rest of the grounds are unexhausted.

Ground 3 is a claim that petitioner is actually innocent. Petitioner bases his argument on DNA test results and alibi evidence that he was in another state at the time of at least one of the crimes charged. Petitioner presented a similar claim, based upon the alibi evidence but not the DNA test results, in his motion for modification of sentence. See Ex. 51 (#20). In its order affirming the denial of the motion, the Nevada Supreme Court held that petitioner's arguments were beyond the scope of what are allowable in a motion to modify the sentence. Ex. 99 (#20) (citing Edwards v. State, 918 P.2d 321, 324 (Nev. 1996)). In other words, petitioner needed to present these arguments in a state habeas corpus petition.

Ground 3 is not exhausted for two reasons. First, petitioner did not present to the Nevada Supreme Court all of the facts that he presents in ground 3, namely, the DNA test results. Second, petitioner used a procedurally incorrect method—a motion for modification of sentence—to present a claim that he should have presented in a habeas corpus petition. Petitioner's use of a procedurally incorrect method does not suffice to exhaust the claim. See Castille v. Peoples, 489 U.S. 346, 351 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

The petition (#9) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted grounds 1(a), 1(b), 1(d), 1(e), 2, and 3, and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 1(a), 1(b), 1(d), 1(e), 2, and 3, or he may move to stay this action while he returns to state

court to exhaust grounds 1(a), 1(b), 1(d), 1(e), 2, and 3. If petitioner chooses the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition. If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). If petitioner chooses the last option, he also will need to designate an alternative choice in case the court declines to stay the action. Otherwise, the court will dismiss the action.

Respondents also argue that ground 3 is not addressable in habeas corpus. Respondents note correctly that the Supreme Court of the United States has not held whether a free-standing claim of actual innocence exists.[2] See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013); Herrera v. Collins, 506 U.S. 390, 400-05 (1993). That is not the same as a holding that a free-standing claim of actual innocence does not exist. The Supreme Court has left the question open. If petitioner presents an actual-innocence claim to the state courts, and if they rule upon the merits, then the lack of a clear holding can constrain this court's decision under 28 U.S.C. § 2254(d). However, the court cannot now hold that the claim is not addressable in federal habeas corpus.

After respondents filed their reply (#27), petitioner filed a document that he titled as an response (#28) but which actually is a sur-reply. Respondents have moved to strike (#29), and the court agrees because it has not authorized the filing of a sur-reply.

Petitioner's motion for judicial action (#30) is mooted by this order.

---

[2]Petitioner argues that ground 3 is not a free-standing claim of actual innocence but a gateway claim of actual innocence. The argument is irrelevant. The Supreme Court has held that when a when some procedural reason, such as untimeliness or a procedural default in state court, would keep a federal court from considering a federal habeas corpus petition or claim on its merits, a valid claim of actual innocence can open a gateway through the procedural default to allow the federal court to consider the federal petition or claim on its merits. See McQuiggin v. Perkins, 133 S. Ct. 1924 (2013); Schlup v. Delo, 515 U.S. 298 (1995). If ground 3 is a free-standing claim of actual innocence, then it is not exhausted for the reasons stated above, and the court cannot consider it. If ground 3 is an argument that the other claims should go through the actual-innocence gateway, the court would reject it because respondents have not argued that the court should dismiss the petition or any claim because of untimeliness or procedural default.

-4-

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#17) is **GRANTED** in part. Grounds 1(a), 1(b), 1(d), 1(e), 2, and 3 are unexhausted.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following:  (1) inform this court in a sworn declaration that he wishes to dismiss grounds 1(a), 1(b), 1(d), 1(e), 2, and 3 of his petition (#9), and proceed only on the remaining ground 1(c) for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his petition (#9) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 1(a), 1(b), 1(d), 1(e), 2, and 3 of his petition (#9), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 1(a), 1(b), 1(d), 1(e), 2, and 3 of his petition (#9).  Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds of his petition (#9) and proceed on the remaining ground 1(c), respondents must file and serve an answer to the remaining grounds within forty-five (45) days after petitioner serves his declaration dismissing those grounds.  The answer must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner will have  have forty-five (45) days from the date on which the answer is served to file and serve a reply.

IT IS FURTHER ORDERED that the court shall take no action upon petitioner's motion to strike (#26), which the court construes as the opposition to the motion to dismiss (#17).

IT IS FURTHER ORDERED that respondents' motion to strike (#29) is **GRANTED**.  The clerk of the court shall **STRIKE** petitioner's response (#28), which is an unauthorized sur-reply.

IT IS FURTHER ORDERED that petitioner's motion for judicial action (#30) is **DENIED** as moot.

Dated:  This 25th day of August, 2015.

_____
ROBERT C. JONES
United States District Judge