# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRENDAN DUNCKLEY, | Case No. 3:13-cv-00393-RCJ-VPC |
| Petitioner, | **ORDER** |
| v. | |
| ROBERT LEGRAND, et al., | |
| Respondents. | |

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 9), respondents' motion to dismiss (ECF No. 46), and petitioner's opposition (ECF No. 49). Petitioner has procedurally defaulted most of the grounds in the petition. He has not demonstrated cause and prejudice, nor has he demonstrated that he is actually innocent. The court grants the motion.

Pursuant to a plea agreement, petitioner was convicted of one count of lewdness with a child under the age of fourteen years and one count of attempted sexual assault. Ex. 26 (ECF No. 19-1). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 45 (ECF No. 19-20).

Petitioner then pursued three different collateral attacks upon his judgment of conviction. On July 8, 2009, he filed in state district court a motion for modification of sentence. Ex. 51 (ECF No. 20-1). The state district court denied the motion on February 10, 2010. Ex. 72 (ECF

No. 20-22). Petitioner appealed, and the Nevada Supreme Court affirmed the denial on September 9, 2010. Ex. 99 (ECF No. 21-24).

On July 21, 2009, petitioner filed a post-conviction habeas corpus petition in state district court. Ex. 54 (ECF No. 20-4). The state district court appointed counsel, who filed a supplemental petition. Ex. 85 (ECF No. 21-10).

On March 3, 2010, petitioner filed a motion for withdrawal of guilty plea. Ex. 79 (ECF No. 21-4). Petitioner handled this motion pro se through the state district court.

The state district court addressed both the habeas corpus petition and the plea-withdrawal motion in one hearing, Ex. 127 (ECF No. 23-2), but denied them in separate orders, Ex. 128 (ECF No. 23-3), Ex. 129 (ECF No. 23-4). Petitioner appealed both denials. Post-conviction counsel represented petitioner in both appeals. In separate orders, the Nevada Supreme Court affirmed the denial of both the plea-withdrawal motion and the habeas corpus petition. Ex. 168 (ECF No. 24-18), Ex. 169 (ECF No. 24-19).

Petitioner then commenced this action. Respondents filed their first motion to dismiss (ECF No. 17). The court found that petitioner had not exhausted his state-court remedies for grounds 1(a), 1(b), 1(d), 1(e), 2, and 3. Only ground 1(c) was exhausted. ECF No. 31. The court stayed the action while petitioner filed a second post-conviction habeas corpus petition in the state district court. ECF No. 35.

Petitioner filed his second state petition on November 7, 2016. Ex. 174 (ECF No. 47-1 through 47-4). The state district court denied the petition because it was untimely under Nev. Rev. Stat. § 34.726 and successive under Nev. Rev. Stat. § 34.810. Ex. 194 (ECF No. 47-24). Petitioner appealed. On April 11, 2018, the Nevada Court of Appeals affirmed the denial of the petition. Ex. 201 (ECF No. 47-31).

This court then reopened the action. ECF No. 44. Respondents filed their second motion to dismiss (ECF No. 46). Respondents argue that the previously unexhausted grounds now are procedurally defaulted.

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v. Hatcher, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir. 1996) (same).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Carrier, 477 U.S. at 488.

To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Carrier, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original).

A petitioner also can bypass a procedural default through a showing of actual innocence. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 329 (1995).

Petitioner argues that he is actually innocent, and he does not make any argument for cause and prejudice. The court thus will not consider whether cause and prejudice exist to excuse the procedural default. The court has considered petitioner's actual-innocence argument, and the court is not persuaded.

Other than petitioner being the defendant in both counts, the crimes to which he pled guilty are distinct. In count I, petitioner pleaded guilty to committing a lewd act upon a child under the age of 14, A.V., between August 14, 1998, and August 13, 2000.[1] In count II, petitioner pleaded guilty to an attempt to commit sexual assault upon J.H., on or around March 10, 2008. Both crimes occurred in Reno, but in different locations. Ex. 20 (ECF No. 18-20).

Petitioner's argument for actual innocence regarding count I is an alibi. A.V. testified that the crimes occurred when she was twelve years old, or between August 14, 1998, and August 13, 1999. Ex. 4, at 71 (ECF No. 18-4, at 72). A.V. also testified that the events at Longley Lane occurred in petitioner's Ford Taurus. Petitioner claims that at that time he neither lived in Reno nor owned a Ford Taurus. He has presented a letter and registration data from the Nevada Department of Motor Vehicles showing that a Ford Taurus was registered in his name between June 5, 2000, and June 5, 2001. ECF No. 9, at 120-22. He also has presented a transcript of the Culinary Institute of America, taxpayer transcripts of the Internal Revenue Service, a report of the Madera County, California Sheriff's Department implicating petitioner in credit-card fraud, and a Madera County Superior Court summons. All of these documents show residential addresses other than Reno in 1998-99. Id. at 125-44.

These documents do not satisfy the high requirements of actual innocence. The DMV records show that petitioner had a Ford Taurus registered in Nevada in 2000-01. However, they do not show that petitioner did not own the Taurus, and had it registered in another state, before June 5, 2000. The other documents show that petitioner had residential addresses other than Reno in 1998-99. However, they do not show that petitioner never traveled to Reno in that time.

These documents also are not new evidence. Petitioner knew about them when he was charged. Attached to his petition is a letter, dated January 2, 2008, from trial counsel asking him for records of purchase and sale of the Ford Taurus and records showing that he lived outside of Reno from January 1, 1998, through the date that petitioner did move to Reno. ECF No. 9, at

---

[1] Count I is pleaded in the alternative. "[D]efendant engaged the victim in sexual intercourse at or near Longley Lane, Reno, Washoe County, Nevada, and/or put his hand down her pants to fondle her genital area in an elevator at the Atlantis Hotel and Casino, 3800 South Virginia Street, Reno, Washoe County, Nevada . . . ." Ex. 20 (ECF No. 18-20, at 3).

4

147. At the evidentiary hearing for the state post-conviction habeas corpus petition, counsel testified that he was investigating this alibi. Ex. 127, at 89-91 (ECF No. 23-2, at 90-92). Counsel also testified that the prosecution offered petitioner an agreement to plead guilty to crimes that were eligible for probation. Petitioner decided to accept that offer, against counsel's advice. Id. at 72-75 (ECF No. 23-2, at 73-76). Petitioner disputes now, and disputed then, counsel's version of events. The state district court found that counsel was credible and that petitioner was not credible. Ex. 129, at 3 (ECF No. 23-4, at 4). Regardless of credibility, counsel's testimony, along with the documents that petitioner attached to the petition, show this is not new evidence in support of actual innocence. Rather, it is evidence that petitioner had at the time but did not present to a jury because he decided to plead guilty. The court cannot say that a miscarriage of justice occurred when it was petitioner's decision not to go to trial and present that evidence.

Petitioner's argument for actual innocence regarding count II is a lack of DNA evidence. Count II accused petitioner of an attempt to force J.H. to perform fellatio upon petitioner. At the preliminary hearing, J.H. testified at the preliminary hearing that petitioner's penis entered her mouth. Ex. 4, at 17-19 (ECF No. 18-4, at 18-20).[2] She bit down, petitioner ran away, she chased him, two other people stopped petitioner, and Reno police officers soon arrived. Id. at 19-22 (ECF No. 18-4, at 20-23). The police officers swabbed petitioner's penis. That test showed no foreign DNA upon petitioner's penis. Petitioner argues that trial counsel concealed the results of the test from him.[3] Petitioner also argues that the lack of DNA evidence proves that he is actually innocent.

The court disagrees. The results of the test did show no foreign DNA on petitioner's penis. However, J.H. testified at the preliminary hearing that petitioner coerced her into performing fellatio, and she likely would have testified to the same at trial. Additionally, petitioner made incriminating statements. He told the patrol officers who arrived at the scene that there was no sex act. Ex. 4, at 95 (ECF No. 18-4, at 96). Reno Detective Broome later

---

[2] This would be completed sexual assault, and petitioner initially was charged with sexual assault upon J.H. Ex. 8 (ECF No. 18-8, at 4). The charge was reduced to an attempt as part of the plea negotiations.
[3] The state district court found that counsel shared the results of the DNA test with petitioner before petitioner decided to plead guilty. Ex. 129, at 4-5 (ECF No. 23-4, at 5-6).

interviewed petitioner, first at petitioner's home then at Broome's office. Petitioner told Detective Broome that he was trying to help a drunken J.H. into her apartment. Id. at 96 (ECF No. 18-4, at 97). She passed out a couple of times. He rubbed her sternum to wake her up. Id. at 97 (ECF No. 18-4, at 98). Petitioner said that the second time J.H. woke up, she accused him of raping her and he fled from the apartment. Id. at 98 (ECF No. 18-4, at 99). When Detective Broome reminded petitioner that the patrol officers swabbed his penis to test for her DNA, petitioner stated that J.H. put her hand down his pants. Id. at 100-01 (ECF No. 18-4, at 101-02). When Detective Broome reminded petitioner that the swab only would test for the presence of saliva, petitioner stated that when J.H. woke up, she unfastened his pants and put his penis into her mouth. Id. at 98-99 (ECF No. 18-4, at 99-100). Petitioner's statements to Detective Broome have two problems for his actual-innocence argument. First, he changed his recollection substantially each time Detective Broome confronted him with additional facts, facts that petitioner himself would have known because he was with J.H. Rational jurors would notice that. Second, ultimately he admitted to the acts that J.H. accused him of doing. Given J.H.'s testimony, petitioner's changing stories, and his ultimate admission of the acts, the court cannot say that a DNA test showing no presence of foreign DNA on petitioner's penis would have made it more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. The court rejects petitioner's actual-innocence argument regarding count II.

Because petitioner has not demonstrated actual innocence, the court will dismiss grounds 1(a), 1(b), 1(d), 1(e), 2, and 3.

Petitioner has filed a motion for leave of court (ECF No. 51), and respondents have filed an opposition (ECF No. 54). Petitioner asks the court to order the new Attorney General of the State of Nevada review his case personally. This is not something that the court can order.

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 46) is **GRANTED**. Grounds 1(a), 1(b), 1(d), 1(e), 2, and 3 of the petition (ECF No. 9) are **DISMISSED** because they are procedurally defaulted.

IT FURTHER IS ORDERED that petitioner's motion for leave of court (ECF No. 51) is **DENIED**.

IT FURTHER IS ORDERED that respondents will have forty-five (45) days from the date of entry of this order to file and serve an answer to the remaining claim. The answer must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: March 11, 2019.

*(signature)*

ROBERT C. JONES
United States District Judge